**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================
SHIMON KLEINMAN individually and
on behalf of all others similarly situated


                     Plaintiff,


            -against-


NORTHSTAR LOCATION SERVICES, LLC


                   Defendant.

=====================================

### CLASS ACTION COMPLAINT

### *I.  Introduction*

      Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

      1.    Plaintiff Shimon Kleinman brings this action to secure redress from unlawful collection practices engaged in by Defendant Northstar Location Services, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

      2.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.      Parties

3.      Plaintiff is a citizen of the State of New York who resides within this District.

4.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.      Upon information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.      Jurisdiction and Venue

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.      Allegations

10.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.      On or about October 19, 2015, Northstar Location Services, LLC sent a collection letter to the Plaintiff Shimon Kleinman.

12.     The said October 19, 2015 letter was an effort to collect on a consumer debt.

13.     The letter offered the Plaintiff to settle his account for "1 payment of $3,135.19 . . . due by 11/03/15."

14.     On or about November 23, 2015, Northstar Location Services, LLC sent a further collection letter to the Plaintiff.

15.     The said November 23, 2015 letter offered the Plaintiff to settle his account for "1 payment of $2,520.45 . . . due by 12/08/15."

16.     Defendant made these statements as a way to create a sense of urgency by the debtor and make him believe that he was under a true deadline to pay the debt.

17.     But from the November 23, 2015 letter, one can see that the time-deadline to pay on the settlement offers mentioned above were illusionary, as the Defendant was able to offer the Plaintiff an even better settlement offer to the one presented in the October 19, 2015 letter.

18.     Defendant's letters harassed the Plaintiff and were false, deceptive and misleading as these settlement time-deadlines do not exist.

19.     Debt collection agencies may not be deceitful in the presentation of a settlement offer.  The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer." [1]

20.     Statements such as a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading

---

[1] *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) citing *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 496 (5th Cir.2004)).

because the same offer is, upon information and belief, available at any time.[2]

21.    Such false statements are material false, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.

22.    If this would not be the case, the Defendant would not have offered the Plaintiff a better settlement opportunity to the one provided in the October 19th letter in the subsequent November 23rd letter.[3]

23.    On information and belief, it is the Defendant's pattern and practice to mail such collection letters to debtors within the State of New York.

24.    By reason thereof, Defendant's letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

25.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28.    Defendant violated the Plaintiff's right to a truthful and fair debt collection

---

[2] *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006) ("Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.")

[3] *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012).("The safe harbor language in *Evory* ("we are not obligated to renew this offer") did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e.")

process.

29.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

31.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.    Class Allegations

34.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.     The identities of all class members are readily ascertainable from the records of Northstar Location Services, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

36.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Northstar Location Services, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

38.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

40.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)      **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)      **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)      **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)      **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would

engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

41.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

42.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43.     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

44.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.     First Cause of Action

45.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     This cause of action, brought on behalf of the Plaintiff and the members of a class, consists of all persons whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the letters were sent to a consumer seeking payment of a personal debt;

    c) the letters were not returned by the postal service as undelivered;

    d) the Plaintiff asserts that the Defendant's letters violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

### VII.     Violations of the Fair Debt Collection Practices Act

47.     Defendant's actions as set forth in the complaint violated the FDCPA.

48.     Because Defendant violated the FDCPA, Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

49.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.     Jury Demand

50.     Plaintiff demands a trial by jury.

### IX.     Prayer for Relief

51.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against

Defendant for:

     1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

     2)  Attorney fees, litigation expenses and costs of suit;

     3)  An order enjoining and directing Defendant to comply with the FDCPA

        in its debt collection activities; and

     4)  Such other and further relief as the Court deems proper.

Dated:  Brooklyn, New York
  October 16, 2016


               /s/ David Palace_____
               **Law Offices of David Palace** (DP 3855)
               383 Kingston Ave. #113
               Brooklyn, New York 11213
               Telephone: 347-651-1077
               Facsimile: 347-464-0012

**NORTHSTAR**
**LOCATION SERVICES, LLC**
4285 Genesee Street
Cheektowaga, NY  14225-1943

1-866-224-9825
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-12PM ET

October 19, 2015

**Creditor:**  Discover Bank
**Account #:**   ************9755
**Balance:**  $6,147.44
**Amount Remitted:**  $ _____

Redacted SP3

1 AT  *A-01-UVV-AM-00659-4

SHIMON KLEINMAN
944 44TH ST
BROOKLYN NY 11219-1737

NORTHSTAR LOCATION SERVICES, LLC
ATTN:  FINANCIAL SERVICES DEPT.
PO BOX 49
BOWMANSVILLE NY 14026-0049

---

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| Discover Bank | ************9755 | $6,147.44 | |

We have been authorized by our client, Discover Bank, to offer you an opportunity to settle your account. If you wish to take advantage of a settlement offer, you must select one of the following options:

- 1 payment of $3,135.19, which is 51% of the current balance due by 11/03/15.

- 3 payments of $1,127.03, which is 55% of the current balance due by 11/03/15, 12/03/15, and 01/02/16.

Detach and submit the top portion of this letter along with your payment or if you prefer to pay by Check-by-Phone or Master Card/Visa, you may contact our office at 1-866-224-9825 to make arrangements.  You may also visit our website at www.gotonls.com  to make a payment.

Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void. We are not obligated to renew this offer.

This settlement may have tax consequences.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-866-224-9825
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at  www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-866-224-9825  to make your payment.

This collection agency is licensed by the Department of Consumer Affairs, the City of New York License # 1179143.

ACA

Payment website: https://www.gotonls.com

4285 Genesee Street
Cheektowaga, NY  14225-1943

**NORTHSTAR LOCATION SERVICES, LLC**
1-866-224-9825
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-12PM ET

November 23, 2015

**Creditor:**  Discover Bank
**Account #:**   \*\*\*\*\*\*\*\*\*\*\*9755
**Balance:**  $6,147.44
**Amount Remitted:**  $ _____

Redacted S3P

1 MB   \*A-01-2VG-AM-04243-22

SHIMON KLEINMAN
944 44TH ST
BROOKLYN NY 11219-1737

NORTHSTAR LOCATION SERVICES, LLC
ATTN:  FINANCIAL SERVICES DEPT.
PO BOX 49
BOWMANSVILLE NY 14026-0049

---

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| Discover Bank | \*\*\*\*\*\*\*\*\*\*\*9755 | $6,147.44 | |

We have been authorized by our client, Discover Bank, to offer you an opportunity to settle your account or you may choose to make a monthly partial payment. The following options are available to you:

- 1 payment of $2,520.45, which is 41% of the current balance due by 12/08/15.

- 3 payments of $1,127.03, which is 55% of the current balance due by 12/08/15, 01/07/16, and 02/06/16.

- Partial payment arrangement with a down payment of $614.72 due by 12/08/15, and monthly payments thereafter of $461.06 for 12 months due by the 8th of each month.

Should you wish to take advantage of any of these options, your first payment must be received by no later than 12/08/15.

Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void. We are not obligated to renew this offer.

This settlement may have tax consequences.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-866-224-9825
- Web Pay at  www.gotonls.com
- MoneyGram ExpressPayment
- Pay in person at our office
- Credit or Debit Card
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-866-224-9825  to make your payment.

This collection agency is licensed by the Department of Consumer Affairs, the City of New York License # 1179143.



ACA
INTERNATIONAL

Payment website: https://www.gotonls.com